**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YINGJIE LI, | No. 12-72337 |
| Petitioner, | Agency No. A099-903-382 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:      WALLACE, LEAVY, and BYBEE, Circuit Judges.

Yingjie Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's decision ("IJ") denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture.   Our jurisdiction

---

          [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

          [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act governing adverse credibility determinations. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Li's claim that the IJ violated his rights to due process by not allowing him to present his proposed witness because Li did not exhaust this claim before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We reject Li's contention that the IJ violated his due process rights by prejudging Li's claim of future fear. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Li's testimony, statement, and supporting documents regarding the year his wife was forced to have an abortion, and the month Li was laid off. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). In the absence of credible testimony, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153,

1156 (9th Cir. 2003).

Finally, Li's CAT claim fails because it is based on the same testimony the agency found not credible, and Li does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent of a public official in China. *See id*. at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**